IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ARTHUR LEE HAIRSTON, SR.,**

        Plaintiff,

v.                                      **CIVIL ACTION NO. 3:21CV22**
                                                  **(GROH)**

**DVA,**
**REGIONAL VA OFFICE MARTINSBURG,**
**JANESVILLE CLAIMS INTAKE CENTER, and**
**PHILADELPHIA PENSION CENTER,**

        Defendants.

**REPORT AND RECOMMENDATION**[1]

**I.     INTRODUCTION**

Pending before the Court is Plaintiff Arthur Lee Hairston, Sr.'s ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[2] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the federal district court's review of benefits determinations by the VA is precluded by the Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988), the undersigned recommends that Plaintiff's complaint be dismissed, without prejudice, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

---

[1] All CM/ECF references refer to Civil Action No. 3:21CV22, unless otherwise noted.
[2] This motion was referred to the undersigned by order dated February 17, 2021. Order of Referral, ECF No. 5.

## II.  THE COMPLAINT

On February 5, 2021, Plaintiff filed the instant pro se complaint alleging that Defendants DVA, Regional VA Office Martinsburg, Janesville Claims Intake Center, and Philadelphia Pension Center (collectively, "Defendants") intentionally discriminated against him.[3] See ECF No. 1, at 1. As jurisdiction was the reason Plaintiff's complaint was dismissed in 3:19CV16, Plaintiff includes a section regarding jurisdiction in this complaint.  This time, he is seeking relief under 28 U.S.C.1331, Rule 15(c) and the 14th and 5th Amendments. He notes that in the previous case he filed (3:19CV16), "That the Fourth Circuit order[ed] the defendant to correct this by ordering the DVA to correct the pension eligibility, or the enforcement of the same." Id. at 1-2.

Plaintiff asserts the same factual background as in his previous complaint in 3:19CV16.  Plaintiff attempted to apply for non-service connected pension benefits in August 2018 by submitting a statement in support of claim at the Regional VA Office Martinsburg. Id.; see ECF No. 2-3. In October 2018, Plaintiff alleges that he called the Claims Intake Center and was told to submit a hardship package with bills. ECF No. 1, at 3. Plaintiff further alleges that he was not told in August or October by Defendants that he was required to complete and submit an application for pension benefits. Id. Plaintiff contends that these were intentional omissions on the part of Defendants constituting discrimination. Id. at 2-3. Plaintiff then asserts that he only learned of the application requirement on December 31, 2018 and that he completed the application that same

---

[3] This complaint is similar to the complaint Plaintiff filed in 3:19CV16 against the same Defendants. This District Court dismissed that complaint without prejudice. Plaintiff appealed that decision to the Fourth Circuit. The Fourth Circuit affirmed the dismissal stating that federal district court review of benefits determinations by the VA is precluded by the Veterans' Judicial Review Act.

day.[4] Id. at 2; ECF No. 2-3. Plaintiff claims that because of this delay in submitting his application, he was not eligible for benefits until August 6, 2019. ECF No. 1, at 4. He further alleges that:

> The evidence in this case that demonstrates discrimination, the intentional stall tactics that paints a pretty mosaic. Of the fact that this was done intentionally, the DVA stalling waiting until the Social Security Administration granted the reinstatement of the plaintiffs SSD. So that plaintiff would be denied. This policy; practice; or procedure amounts to discrimination.

Id. at 4. Plaintiff seeks monetary damages in the amount of $1,000,000 from each of the named Defendants.[5] Id.

### III.    LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with the request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

---

[4] Plaintiff refers to certain exhibits in his complaint: Exhibit (1), "statement in support of claim dated 8/15/2018;" Exhibit (2)A-H and Exhibit (3) "the application." ECF NO. 1 at 2-3. However, no exhibits are attached to his complaint and Plaintiff asserts that he will submit Exhibits (2) A-H during discovery. Id. Notwithstanding the lack of exhibits and giving Plaintiff's pro se complaint liberal construction, the undersigned notes that Plaintiff attached to his complaint in 3:19CV16, Exhibit (1), "Statement in Support of Claim" and Exhibit (2) "Claim submitted." 3:19CV16, ECF No. 1-1, 1-2.
[5] Plaintiff does not seek the award of benefits from August 2018 as he did in his Complaint in 3:19CV16.

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### IV.    DISCUSSION

"Federal district court review of benefits determinations by the VA is precluded by the Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988)." Hairston v. DVA, No. 19-1276, 2021 WL 219541, at *3-4(4th Circ. Jan, 20, 2021); see also 3:19CV16, Per Curiam of USCA, ECF No. 19. Because Hairston's complaint effectively seeks review of the VA's failure to provide benefits for the one-year period during which his application allegedly was delayed, this Court lacks jurisdiction over his claim.

"Through the VJRA, Congress enacted a specialized review process for the adjudication of veterans' benefits claims." Id. "The Secretary of the VA, as mandated by

4

statute, decides 'all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" Id. quoting 38 U.S.C. § 511(a). "Subject to some exceptions not relevant here, see id. § 511(b), such decisions by the Secretary may only be reviewed on appeal by the Board of Veterans' Appeals, a VA administrative body, id. § 7104(a), and then by the United States Court of Appeals for Veterans Claims, an Article I court with 'exclusive jurisdiction to review decisions of the Board of Veterans' Appeals,' id. § 7252(a)." Id. "Decisions by the Court of Appeals for Veterans Claims may be appealed only to the Federal Circuit. Id. § 7292(a), (c)." Id.

> The Fourth Circuit held in Plaintiff's previous complaint (3:19CV16) that:
>
> Congress made clear that this specialized review process is also an exclusive one. Beyond this narrow route, federal courts generally are barred from hearing challenges to benefits determinations. The Secretary's decisions on 'all questions of law and fact' relevant to 'the provision of benefits' are 'final and conclusive and may not be reviewed by any other official or by any court' beyond the statutorily prescribed appeals process. Id. § 511(a). The federal district courts lack jurisdiction to review VA decisions that 'affect the provision of the benefits awarded by the VA.' Butler v. United States, 702 F.3d 749, 753 (4th Cir. 2012) (citation omitted).

Hairston, No. 19-1276, 2021 WL 219541, at *3-4. The Fourth Circuit went on to state that at a minimum "§ 511(a) bars review of an individual benefits determination by the VA. See, e.g., id.; Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1023 (9th Cir. 2012)."[6] Id.

---

[6] In Veterans for Common Sense v. Shinseki, 678 F.3d 1013, a divided panel of the Ninth Circuit held that § 511(a) also would preclude review of whether the VA "acted properly in handling" the benefits requests of a class of veterans, even apart from any individual claim that benefits were wrongly denied or calculated. Id. at 1025.

Since the Plaintiff is no longer seeking an award of his benefits from August 2018 to present, this Court must determine whether it has jurisdiction over Plaintiff's claim that the intentional delay tactics of the Defendants is "a policy; practice; or procedure [that] amounts to discrimination." ECF No. 1 at 4. The Fourth Circuit held as follows with regard to the issue of delay:

> Hairston's challenge to the delay in granting the benefits would require the district court to determine whether the VA properly set the August 2019 start date for benefits - a decision likewise outside the district court's jurisdiction. See Veterans for Common Sense, 678 F.3d at 1026 (observing that VJRA 'undoubtedly would deprive [the court] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed' the start of benefits); Mehrkens v. Blank, 556 F.3d 865, 870 (8th Cir. 2009) ('[T]here is no meaningful legal difference between a delay of benefits and an outright denial of benefits. In either case, Congress has charged the VJRA with exclusive jurisdiction.').

Hairston, No. 19-1276, 2021 WL 219541, at *3-4.

The undersigned finds that because Hairston's discrimination claims ask the district court to recognize his entitlement to benefits and review the VA's determination of the appropriate start date for those benefits,[7] they fall within the scope of § 511(a) and cannot be heard in district court.[8]

## IV. RECOMMENDATION

For the foregoing reasons, I find that this Court lacks jurisdiction over this matter. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED**

---

[7] It appears that the Plaintiff believes that the Fourth Circuit "order[ed] the DVA to correct the pension eligibility, or the enforcement of the same." Id. at 1-2. The undersigned disagrees with this interpretation.

[8] That does not mean that Hairston is without remedy for his alleged injuries; the VJRA provides its own review scheme for benefits determinations, and Hairston, in fact, is pursuing an appeal within that review mechanism. See Hairston v. Wilkie, No. 20-4692 (Vet. App. docketed June 29, 2020), https://go.usa.gov/xGkFg.

**WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 23rd day of February, 2021.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE