# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ARTHUR LEE HAIRSTON, SR.,**

   Plaintiff,

v.                   **CIVIL ACTION NO.: 3:21-CV-22 (GROH)**

**DVA,**
**REGIONAL VA OFFICE MARTINSBURG,**
**JANESVILLE CLAIMS INTAKE CENTER, and**
**PHILADELPHIA PENSION CENTER,**

   Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

   Currently pending before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Robert W. Trumble on February 23, 2021. ECF No. 6. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. In the R&R, Magistrate Judge Trumble recommends that the Court dismiss the Plaintiff's complaint without prejudice and deny the Plaintiff's motion to proceed in forma pauperis as moot.

   Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v.

1

Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Moreover, the Fourth Circuit has long held that "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections are due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Magistrate Judge Trumble entered the R&R on February 23, 2021. ECF No. 6. The Plaintiff filed his objections on March 4, 2021. ECF No. 9. Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects de novo.

After liberally construing the Plaintiff's complaint, Magistrate Judge Trumble found that the Plaintiff effectively seeks review of the VA's failure to provide benefits for the one-year period during which the Plaintiff's application was allegedly delayed. ECF No. 6 at 4. However, the Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988), grants the United States Court of Appeals for Veterans Appeals the exclusive jurisdiction to hear challenges to benefits determinations. Id. at 5–6. Thus, Magistrate Judge Trumble recommends that the Court dismiss the Plaintiff's complaint because this Court lacks jurisdiction to hear the Plaintiff's challenges to the VA's determination regarding the Plaintiff's entitlement to benefits and the appropriate start dates for those benefits. Id. at 6.

In his objections, the Plaintiff fails to cite to an authority giving this Court subject-matter jurisdiction over his claims. ECF No. 9. Indeed, the Plaintiff cites the Fourth Circuit's decision that upheld this Court's dismissal of his complaint in Hairston v. DVA et

al., No. 3:19-CV-16, for the same reasons given in the R&R: "We nevertheless confirm the district court's dismissal on a different ground: Hairston seeks a determination of his eligibility for veteran's benefits, and the Veterans' Judicial Review Act divests the district court of jurisdiction to grant that relief."  Id. at 3.  Thus, the Court **OVERRULES** the Plaintiff's objections and finds that it lacks subject-matter jurisdiction over the Plaintiff's claims.

Therefore, upon careful review and finding no error of fact or law, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 6] is **ADOPTED** for the reasons more fully stated within.  Therefore, the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WIHTOUT PREJUDICE**, and the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2] is **DENIED** as **MOOT**.  The Clerk of Court is **DIRECTED** to **STRIKE** this case from the Court's active docket.

The Clerk is **DIRECTED** to mail a copy of this Order to the pro se Plaintiff by certified mail, return receipt requested, at his last known address as reflected in the docket sheet.

**DATED:** June 8, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE